Daniel, J.
 

 When the Clerk and Master shall sell any real or personal estate, in obedience to a decree of a Court of Equity, and shall be authorized by the decree to make title to the purchaser, the deed of the Clerk and Master shall be- deemed as good and sufficient to convey to the purchaser such title in the real and personal property so sold, as the party of record owning the same had therein.
 
 Rev. Stat.
 
 183,
 
 T.
 
 48. It is to be seen, therefore, that a deed, executed by the Master, transfers no title to the property sold by him, unless it is given in obedience to the decree of the Court. That brings us to .the consideration of the effect of the order to the Master to make deed in this case. The order was, “ that the Clerk and Master collect the bonds as they become due, and make the purchasers title.” Had the Master any authority, by this order, to make title to Markham, until all the money was paid in ? Where infants and
 
 feme coverts
 
 are concerned, and can give no consent that a conveyance of their lands should be ■ made to the purchaser, before all the purchase money be paid in, the Court is expected to be extremely cautious in making an order, that shall have the effect of taking from them their lien on the laud for the purchase money. And we see, that there was a
 
 feme covert
 
 interested in the sale of these lands, and also that other tracts of land were sold by the Master for the petitioners, beside the one purchased by Markham. There was a strong inducement, therefore, for the Court not to make an absolute order, that the Master should immediately make title. Taking these things in our view, and then attending to the terms of the orders, it seems to us that there was a condition precedent to the execution of the conveyance, to-wit, the collection of the bonds as they became due : That was not done, and therefore the deed to Markham was made
 
 *25
 
 without authority, and did not transfer the legal title to the land. It is admitted, that the language is not as explicit as it ought to be, and therefore the decree is to be collected by construction, from the words and the circumstances. The Master is ordered “ to make title.” When, and upon what event ? Why shall we answer, presently ?
 

 If the owners had taken out the bonds'as cash, looking to the purchasers and intending to collect the money themselves, and to indulge the purchasers at their discretion, there might be a presumption, that, as the Court would not know when the purchase money was paid, it was intended the .Master should make a deed at once, and be done with it. But as the collection was
 
 left in
 
 this case under the control of the Court, the presumption is the other way; and it cannot be intended, unless clearly expressed, that the Court meant to part with the security of the land, before the whole purchase money was paid. Therefore, the acts are to be taken to precede and follow each other, as they are stated in the order ; that is, that the Master shall collect the bonds for the purchase money, and
 
 then
 
 make deeds to the purchasers respectively. That is the natural construction in Equity of even a contract of sale, where ho time is specified for the conveyance; since Equity holds that the land was intended as a- security for the purchase monejr, unless the contrary appeared; and much more of a decree, where the Court is dealing for others. Therefore, the deed of the blaster, being unauthorized, did not pass the legal title, and Morris is but an assignee of Markham’s equity. The surety of the purchaser has a right, upon the insolvency of the principal, who has not got in. the legal title before the payment of the debt, as against one purchasing from him even
 
 bona fide,
 
 and without notice of the non-payment of the purchase money, to have the land sold for his rc-imbursement, if he has paid the debt, or for his exoneration, if he has not yet paid it.
 
 *26
 

 Green
 
 v.
 
 Crocket, 2
 
 Dev. and Bat. Eq. 390.
 
 Polk
 
 v.
 
 Gallant,
 
 2 Dev. and Bat.Eq. 395. We think,that the plaintiffs are entitled to a decree, to have the land now held by Morris re-sold for their indemnity, unless Morris chooses to pay the plaintiff’s demand, and take a new conveyance from the Master.
 

 Per Curiam.
 

 Decree accordingly.